**In re: APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782,**

**Emmanuel N. Lazaridis, Appellant**

v.

**International Centre for Missing & Exploited Children, ICMEC, and National Center for Missing & Exploited Children, NCMEC, Appellees.**

No. 11–7010.

United States Court of Appeals,
District of Columbia Circuit.

March 30, 2012.

Emmanuel N. Lazaridis, pro se.

David Michael Kerr, Ronald J. Tenpas, Morgan, Lewis & Bockius LLP, Washington, DC, for Respondent–Appellee.

Before: SENTELLE, Chief Judge, and TATEL and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal from a decision of the United States District Court for the District of Columbia was considered on the record and briefs filed by the parties. Although oral argument was scheduled, the Appellant did not appear and the Appellees chose to rest on their brief. The court has afforded full consideration to the issues presented and has determined that they do not warrant a published opinion. *See* FED. R.APP. P. 36; D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the order of the district court be affirmed.

Emmanuel Lazaridis filed an application for discovery in the district court under 28 U.S.C. § 1782. He sought documents from the International Centre for Missing and Exploited Children (ICMEC) and the National Center for Missing and Exploited Children (NCMEC), allegedly for use in a pending criminal prosecution and separate investigation in Greece. Section 1782(a) authorizes district courts in the district in which a person resides or is found to compel discovery for use in foreign or international proceedings. The district court determined that it had authority under this statute to order discovery, but declined to exercise its discretion to grant Lazaridis's application.

We conclude that the district court did not abuse its considerable discretion when determining whether to grant discov-

**4**

ery under § 1782(a). The district court was not required to grant Lazaridis's application "simply because it ha[d] the authority to do so," *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004); rather, Congress made the decision whether to grant a § 1782 application one of judicial discretion, *see id.* at 260–61, 124 S.Ct. 2466. The district court considered the specific facts of Lazaridis's application consistent with the factors the Supreme Court has instructed are relevant under § 1782(a), *id.* at 264–65, 124 S.Ct. 2466. Lazaridis cannot show that the factors the court chose to weigh most heavily—primarily the criminal nature of the foreign proceedings and burdensomeness of his request—were inappropriate or that its ultimate decision was an abuse of discretion.

■ Moreover, the district court had no obligation to trim Lazaridis's discovery request after it determined it was overbroad and vague, and it correctly concluded that § 1782(a), not the Federal Rules of Civil Procedure, governed its decision in the case.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).